### In re GOLDSTEIN.

#### (District Court, S. D. New York. July 15, 1907.)

BANKRUPTCY—EXAMINATION OF BANKRUPT—PRESERVATION OF TESTIMONY—DEFENSE.

> Where a trustee in bankruptcy had no funds in his hands, and the bankrupt claimed to be without means, the bankrupt could not compel the trustee to pay for a stenographer's minutes, referee's fees, and disbursements in taking the testimony, which the bankrupt desired to introduce in opposition to that offered by the trustee, in a proceeding to compel the bankrupt to turn over property; it being within the discretion of the referee to determine how the bankrupt's testimony should be taken and preserved in order that he might not be in contempt, solely because of his inability through poverty to perpetuate the testimony.

Aaron J. Levy, for bankrupt.
Lyon & Smith, for trustee.

CHATFIELD, District Judge. In this proceeding in bankruptcy, the trustee made a motion before the referee to compel the bankrupt to turn over certain property. The trustee has no funds in his hands, and the bankrupt claims to be absolutely without means. The trustee introduced the evidence he desired, in support of his motion, and the bankrupt offered testimony in opposition thereto. The bankrupt and his attorney not furnishing indemnity for the expense of taking his testimony, the trustee, inasmuch as there were no funds in the estate, refused to assume any responsibility, and the referee ruled that the bankrupt "was not entitled to take further testimony, unless he or his attorney advanced the money or agreed to hold themselves responsible therefor." This is certified by the referee; and the bankrupt now makes a motion for an order directing the trustee to pay for stenographer's minutes and the referee's fees and disbursements.

Inasmuch as the trustee has no funds in his possession, the motion

cannot be granted. The trustee has incurred the responsibility of taking testimony in his own behalf, and the bankrupt has the right to offer testimony in opposition thereto; but it lies within the discretion of the referee to determine whether this testimony shall be heard orally, taken in longhand, or written out in the form of stenographer's minutes. If the bankrupt desires the testimony to be perpetuated, the obligation would seem to be on him to provide the means therefor, and, inasmuch as the motion is one to compel him to turn over property, the referee is the proper party to judge whether he is so penniless that the testimony should be taken in longhand or heard orally. If there were money in the estate, the referee might exercise his discretion and direct the trustee to become responsible therefor. The case of In re Hammer (decided in the Southern district of New York July 1, 1907), approving of a referee's ruling that a hearing will be closed unless the bankrupt furnishes indemnity for the expense of transcribing testimony, applies in so far as it shows that the discretion rests with the referee in the matter.

The motion to direct the trustee to pay for the minutes will be denied, and the matter referred back to the referee to determine whether the bankrupt has shown himself unable to comply with the order, and, if so, to determine what opportunity should be given the bankrupt in the way of taking of oral testimony, in order that he may not be put in a position where he would seem to be in contempt of court, solely because of a default which he may not be able to prevent.

Section 39; subd. 9 (Act July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3436]), would seem to prescribe the duty of the referee in the matter.